# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Encompass Insurance Company of America, | )<br>)<br>) C/A No. 1:09-1465-MBS |
| Plaintiff, | )<br>) |
| vs. | )<br>) **O R D E R** |
| Montgomery Mutual Insurance Company and Teresa W. Galloway | )<br>)<br>) |
| Defendantd | ) |

## I. BACKGROUND[1]

On June 6, 2007, Teresa W. Galloway ("Galloway") was involved in a motor vehicle accident in Floyd County, Georgia ("the accident") while she was a passenger in a vehicle that was owned and operated by her sister, Jeanne Collins. The other vehicle involved in the accident was driven by Joyce A. Vasser ("Vasser"), the at-fault driver. At the time of the accident, Jeanne Collins was the named insured on the basic liability automobile policy issued by Montgomery Mutual Insurance Company ("Montgomery"). The policy also provided uninsured motorists insurance ("UIM") coverage. The Montgomery policy was issued and delivered to Jeanne Collins in the State of Georgia. Jeanne Collins paid the premium for her policy with Montgomery. The Montgomery policy provides UIM coverage to Galloway since Galloway was an occupant of the Montgomery vehicle at the time of the accident.

---

[1] The facts stated herein were derived from the parties' Joint Stipulations of Fact. See Entry 20.

At the time of the accident, Galloway was a named insured under a basic liability automobile policy issued by Encompass Insurance Company of America ("Encompass") that also provided underinsured motorist (UIM) coverage. The Encompass policy was issued and delivered to Galloway in the State of South Carolina. Galloway paid the premium for her policy with Encompass. The Encompass policy provides UIM coverage to Galloway as a named insured. State Farm, Vasser's automobile liability insurer, has paid its liability policy limits of $25,000 to Galloway. Galloway's damages from the accident exceed $25,000. As a result of the accident, Galloway filed a tort suit in Georgia against the at-fault driver. The Georgia case is stayed pending the resolution of this matter.

## II. DISCUSSION

There are two issues before the court: (A) whether South Carolina or Georgia law governs the parties' insurance coverage dispute, and (B) whether the Encompass policy or the Montgomery policy provides primary coverage. Each issue is discussed in turn below.

### A. Choice of Law – Georgia or South Carolina

Because this court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, the court must apply South Carolina choice of law rules. See Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941); see also Bowman v. The Continental Ins. Co., 229 F.3d 1141 (4th Cir. 2000). Historically, the governing choice of law rule applied by South Carolina courts was the rule of *lex loci contractus*, which requires applying the law of the state where the contract was formed. See Auto-Owners Insurance Co. v. Sarata, 33 F. App'x. 675, 677 n.1 (4th Cir. 2002); see also Heslin-Kim v. Cigna Group Ins., 377 F. Supp. 2d. 527, 530 (D.S.C. 2005). Following the enactment of S.C. Code Ann. § 38-61-10 in 1947, courts limited the rule of *lex loci contractus* to only those cases where § 38-61-

10 is not applicable. See Heslin-Kim, 377 F. Supp. 2d. at 531 n. 6 (noting that "[i]f 38-61-10 does not apply to an insurance coverage dispute, the court must then determine choice of law through the doctrine of *lex loci contractus*").

S.C. Code Ann. § 38-61-10 states:

> All contracts of insurance on property, lives, or interests, in this State are considered to be made in the State and all contracts of insurance the applications for which are taken within the State are considered to have been made within this State and are subject to the laws of this State.

Courts have held that § 38-61-10 is not applicable in cases where there is "a lack of connection, interest or nexus to South Carolina," such that it cannot be said that the "property, lives, or interests" insured are located in South Carolina. Heslin-Kim v. Cigna Group Ins., 377 F. Supp. 2d. 527, 532 (D.S.C. 2005); see also Bowman v. The Continental Ins. Co., 229 F.3d 1141, at * 3 (4th Cir. 2000) (finding that § 38-61-10 was not applicable to an insurance coverage dispute because the insured person and property were located in Georgia at the time the automobile accident occurred and the insured's sole connection to South Carolina was the automobile accident); Yeager v. Maryland Casualty Co., 868 F. Supp. 141, 144 n. 5 (D.S.C. 1994) (finding that § 38-61-10 was not applicable to an insurance coverage dispute where there were no "interests" in South Carolina); Unisun Ins. Co. v. Hertz Rental Co., 436 S.E.2d 182, 184 (S.C. 1993) (applying the rule of *lex loci contractus* after finding that § 38-61-10 was not applicable in a case where the property and interests insured were located outside of South Carolina at the time the contract was formed).

In this action, the parties both argue that S.C. Code § 38-61-10 is inapplicable and the rule of *lex loci contractus* applies because Galloway is a Georgia resident and her automobile is garaged in

Georgia. The parties' argument is supported by § 38-61-10 and applicable case law. Under the rule of *lex loci contractus*, the Montgomery policy is governed by Georgia law because it was formed in Georgia, and the Encompass policy is governed by South Carolina because it was formed in South Carolina.

### B. Coverage - Primary or Excess

The parties concede that the Encompass and Montgomery policies both provide coverage to Galloway. The court is asked to determine which policy provides primary coverage and which policy provides excess coverage. The UIM coverage sections of both policies have "Other Insurance" provisions. The "Other Insurance" provision in the Montgomery policy states:

> If there is other applicable similar insurance available under more than one policy or provision of coverage that is similar to the insurance provided under this part of the policy:
>
> 1. The following priorities of recovery apply:
>
> FIRST: The policy affording uninsured motorist coverage to the "insured" as a named insured or family member.
>
> SECOND: The uninsured motorist coverage applicable to the vehicle the "insured" was occupying at the time of the accident.

Entry 1-1, 45. This provision is consistent with Georgia law, which requires courts to apply the "receipt of premium" test to determine the priority of insurance coverage. See Nationwide Mut. Ins. Co. v. Progressive Bayside Ins. Co., 278 Ga. App. 73, 75 628 S.E.2d 177, 179 (Ga. App. 2006). Under the Montgomery policy, the Encompass policy provides primary coverage because Galloway is a named insured in the Encompass policy and is not a named insured in the Montgomery policy.

The "Other Insurance" provision in the Encompass policy states:

> Any insurance we provide with respect to the vehicle you do not own shall be excess over any collectible insurance providing coverage on a primary basis.
>
> If coverage under this policy is provided: … on an excess basis, we will pay only our share of the loss that must be paid under insurance providing coverage on an excess basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage provided on an excess basis.

Entry 20-1, 33. Unlike Georgia courts, South Carolina courts have not adopted the "receipt of premium" test for determining the priority of insurance coverage. Instead, South Carolina courts consider the "total policy insuring intent" based on the language of the policies in issue. S.C. Farm Bureau Mutual Ins. Co. v. S.E.C.U.R.E. Underwriters Risk Retention Group, 578 S.E.2d 8, 11 (S.C. 2003). Under the "total policy insuring intent" rule, "when two policies both contain [contradictory] 'excess' clauses, those clauses 'should cancel each other out' and the court should determine, through analysis of several factors, the 'total policy insuring intent.'" Continental Cas. Co. v. Penn. Nat. Ins. Co., 128 F. App'x. 957 (4th Cir. 2005) (quoting S.C. Ins. Co. v. Fidelity and Guaranty Ins. Underwriters, Inc., 489 S.E.2d 200, 204 (S.C. 1997). The "total policy insuring intent" rule applies only in cases where the excess clauses contradict one another and "it is impossible to give effect to both excess clauses." Fidelity at 205; also see S.E.C.U.R.E. at 11 (concluding that the "total policy insuring intent" rule is not applicable to determine the priority of coverage where two "other insurance" clauses are not contradictory or "mutually repugnant"). Where applicable, the "total policy insuring intent" rule asks courts to consider not only the "other insurance" clauses, but also the "(1) stated coverage provided in the policy, (2) the premium paid for such coverage, (3) any requirements in the policy that the insured have underlying insurance policies, and (4) other relevant factors." Fidelity at 204 (adopting the factors set forth in LiMauro v. Aetna Casualty and Surety

5

Company, 65 N.Y.2d 369, 482 N.E.2d 13 (Ct. App. 1995).

Thus, under South Carolina law, the court must first determine whether the "other insurance" clauses contradict one another. A fair reading of both "other insurance" clauses reveals that the policies are not contradictory. As already stated, Encompass is the primary carrier under the Montgomery policy because Galloway is a named insured in the Encompass policy and is not a named insured in the Montgomery policy. Encompass is also the primary carrier under the Encompass policy because Encompass can only be the excess carrier under its policy if there is "collectible insurance providing coverage on a primary basis," and neither the Montgomery policy nor any other insurance policy provides such coverage. Because effect can be given to both "other insurance" clauses, the clauses are not mutually repugnant, and the 'total policy insuring intent' test is not applicable.[2] Therefore, Encompass is obligated to provide primary coverage to Galloway and Montgomery is obligated to provide excess coverage to Galloway.

### III. CONCLUSION

For the reasons stated above, Defendant's motion for summary judgment (Entry 22) is **granted** and Plaintiff's motion for summary judgment (Entry 21) is **denied.**

**IT IS ORDERED.**

---

[2] Plaintiff cites to S.C. Ins. Co. v. Fidelity and Guaranty Ins. Underwriters, Inc., 327 S.C. 207, 489 S.E.2d 200 (S.C. 1997) in support of its argument that the two policies are mutually repugnant. See Entry 21-1, 6. In Fidelity, the court held that identical "excess" clauses in two insurance policies were mutually repugnant because the it was impossible to give effect to the identical clauses. Id. at 218, 205. The instant case is distinguishable from Fidelity because the "excess" clauses in this case are not identical and it is possible to give effect to the both clauses.

s/Margaret B. Seymour
United Stated District Judge

May 3, 2010
Columbia, South Carolina